IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **OSAMA M. EL-ATARI,** ) | |
| Debtor. ) | Case No. 1:17-cv-794 |
| ) | |
| **KEVIN R. McCARTHY,** ) | |
| Trustee, ) | |
| ) | |
| v. ) | |
| ) | |
| **QTRAX, INC.,** ) | |
| Defendant. ) | |

## ORDER

The matter is before the Court on a Report and Recommendation ("R&R") from the United States Bankruptcy Court for the Eastern District of Virginia, recommending that plaintiff/trustee's motion for default judgment be granted. As there is no objection to the R&R, the findings and conclusions of the Bankruptcy Court will be adopted and the motion for default judgment will be granted.

This action relates to a Chapter 7 bankruptcy filed by debtor Osama El-Atari. Specifically, plaintiff/trustee Kevin McCarthy initiated the instant proceeding pursuant to 11 U.S.C. § 542 against defendant Qtrax, Inc., seeking turnover of amounts originally owed to the bankruptcy estate pursuant to a promissory note. In this regard, the complaint alleges that defendant executed and delivered a promissory note worth $1,630,000.00 to the debtor, which note the debtor subsequently assigned to a bank. In turn, that bank released its interest in the promissory note to plaintiff/trustee. Accordingly, plaintiff/trustee, as the note-holder, now has the right to enforce that note. Importantly, the promissory note provides, *inter alia*, that

> [a]ll costs, expenses and expenditures including . . . the complete legal costs incurred by[the Noteholder] in enforcing this Note as a result of any default by the Borrower, will be added to the principal then outstanding and will immediately be paid by the Borrower. In the case of the Borrower's default and the acceleration by [the Noteholder] of the amount due, all amounts under this Note will bear interest at the rate of 18 percent per annum from the date of the demand until paid.

Compl. Ex. 1. The promissory note also provides for payment of all costs, including legal fees, incurred in enforcing the note. *Id.*

On August 10, 2010, plaintiff/trustee demanded from defendant full payment of the promissory note. Five years later, on September 24, 2015, defendant made one payment in the amount of $30,000.00. As defendant has not otherwise made any payments, defendant is in default. Moreover, on August 9, 2016, defendant waived the effect of any statute of limitations with respect to defendant's default until August 9, 2017. Thus, as of November 12, 2016, defendant owed plaintiff/trustee and the bankruptcy estate $1,630,000.00 in principal, $1,803,750.00 in interest, $803.84 in per diem interest from November 12, 2016, and all costs incurred by the Trustee in this Adversary Proceeding.

On November 17, 2016, plaintiff/trustee filed this action, and on the following day, November 18, the Bankruptcy Court issued a summons and notice of pretrial conference. A review of the docket sheet confirms that on November 21, 2016 both the complaint and summons were properly served on defendant via first class mail, pursuant to Rule 7004(b)(1), Fed. R. Bankr. P. Defendant's Answer was therefore due on December 19, 2016. *See* Rule 7012(a), Fed. R. Bankr. P. ("If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons ...."). Defendant did not file an Answer or otherwise appear in this action. Yet, on January 9, 2017 defendant paid plaintiff/trustee $5,000.00. Thereafter, on March 9. 2017, plaintiff/trustee filed a motion for default judgment, seeking turnover of $1,630,000.00 in principal, $1,900,010.00 in interest, per diem interest of $803.84 from March 7, 2017, and $350.00

2

in filing fee costs incurred by plaintiff/trustee in this proceeding.

On March 9, 2017, defendant was served with notice that a hearing on the motion for default judgment was scheduled for April 18, 2017. The notice of hearing date also provided that "[u]nless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing." *See* Case No. 16-01204-BFK, Doc. 12. Defendant did not file a response, and on June 12, 2017 the Bankruptcy Court submitted an R&R, recommending that the motion for default judgment be granted (1) because jurisdiction exists over this matter, (2) because defendant was properly served but failed to respond or appear in this action, and (3) because the complaint sought a sum certain. Any objections to the R&R were due on June 27, 2017. *See* Rule 9033(b), Fed. R. Bankr. P. (providing that objections to an R&R must be filed within 14 days of service). The parties filed none.

A review of the record and R&R in this matter confirms that the Bankruptcy Court correctly concluded that jurisdiction exists over this matter pursuant to 28 U.S.C. § 1334(b), that defendant is in default, and that the complaint seeks a sum certain to which plaintiff/trustee . In this respect, the R&R correctly determined that plaintiff/trustee should be awarded a money judgment against defendant in the amount of $1,630,000.00 in principal, $1,900,010.00 in interest, per diem interest of $803.84 from March 7, 2017, and $350.00 in filing fee costs.

Accordingly, for good cause, and there being no objection,

It is hereby **ORDERED** that the R&R is **ADOPTED IN FULL.**

It is further **ORDERED** that the motion for default judgment is **GRANTED.**

It is further **ORDERED** that **JUDGMENT** is entered for plaintiff/trustee against defendant in the amount of $1,630,000.00 in principal, $1,900,010.00 in interest, per diem interest

of $803.84 from March 7, 2017, and $350.00 in filing fee costs. Interest on the principal amount of the Judgment will accrue post-Judgment at the statutory rate. *See* 28 U.S.C. § 1961.

The Clerk is directed to send a copy of this Order to all counsel of record and defendant, to enter judgment for plaintiff/trustee pursuant to Rule 9021, Fed. R. Bankr. P., and to close this action.

Alexandria, Virginia
July 26, 2017

/s/
T. S. Ellis, III
United States District Judge